UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  11-20815-CR-Seitz/Garber

UNITED STATES OF AMERICA,

v.

JOHN WHITE,

          Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge

Patricia A. Seitz.  Pursuant to such reference the Court has received the Application for Fees and

Costs submitted by Michael J. Entin, Esquire, which he claims as an attorney appointed pursuant to

the Criminal Justice Act (CJA).  The undersigned is to determine the reasonableness of Mr. Entin's

claims, pursuant to the Order of Reference.

## FACTUAL BACKGROUND AND DISCUSSION

The defendant White, as was a co-defendant Kerry Michael Deevy, [1] charged in 19 counts

in an Indictment filed on November 29, 2011. The defendant White and his fellow conspirators

devised and utilized a scheme to defraud investors by obtaining money from potential business

opportunity purchasers by making materially false statements and representations,  and concealment

of material facts as to such investments.  Several counts of the Indictment charge White and others

with wire and mail fraud in violation of 18 United States Code, Section 1341, by use of the United

---

[1] The undersigned has previously considered Deevy's counsel's Application for Fees and Costs and entered a Report and Recommendation as to such fees and costs, which was adopted by the Court. The current application is, in most ways, similar to the Deevy Report and Recommendation.  However, in Deevy, a reduction of the claims was found to be appropriate.

States Postal Service and a private and commercial interstate carrier. The Indictment sets forth a complex scheme which involved the defendant White and others obtaining substantial sums of money through the execution of the scheme as set forth in the Indictment.

After a thorough review of the docket in this cause and my examination of the entries in the Application for fees and costs, it is apparent that due to the nature of the charges in the Indictment and the enormous amount of discovery provided by the government, preparation for trial required the expenditure of a great amount of time by Mr. Entin.  It was estimated that the trial would require from 11 to 20 days.  In order to prepare for a trial, since defendant maintained his innocence and wanted to go to trial, his attorney was compelled to examine and review voluminous records and documents provided by the government.  Mr. Entin's preparations in this cause were made more difficult and time consuming because the defendant was receiving treatment by the mental health staff at the Federal Detention Center (FDC) since he was suffering from anxiety and related issues. Mr. Entin conferred with the defendant many times at the FDC and reviewed the discovery with his client.

The Indictment sets forth offenses which are extremely complex because of the massive discovery provided by the government and the large number of victims of the scheme.  Preparation for the trial required substantially more time than the average case, thus making it a lengthy case. As part of his trial preparation, Mr.  Entin conferred on numerous occasions with the defendant, attorneys for co-defendants, his private investigator, and the government.  He also engaged in numerous plea negotiations with the government on numerous instances, ultimately resulting in a favorable disposition for the defendant.

2

The Criminal Justice Act supports the concept that counsel should be compensated reasonably and, if necessary, in excess of the cap, where counsel's work involved complex issues and the representation was lengthy. *United States v. Bailey*, 581 F.2d 984 (D.C. Cir. 1978); *United States v. Johnson,* 549 F. Supp. 78 (D.D.C. 1982). The district court has the authority and experience to assess reasonable expenses and reasonable use of billable time. In order for an award of fees and costs to exceed the maximum permitted by statute, the court must certify that the case involves "complex"and/or "extended" representation. 18 U.S.C. §3006A(d)(3). The court hereby finds that this cause was both "complex" and "extended" for the reasons and findings set forth above.

The court must also find that the amount sought is necessary to provide counsel with fair compensation. It is therefore necessary to consider the claim now before the court to determine the reasonableness of the amounts claimed for legal services and costs.

The Application reveals that Mr. Entin expended a total of 34.7 hours in obtaining and reviewing records. By comparison, counsel for the co-defendant Deevy claimed to have expended 123.7 hours for such task. The undersigned found such claim to be excessive and reduced such amount by 43.7 hours, finding that 80 hours were appropriate. Upon a thorough review of Mr. Entin's claim, the Court finds that 34.7 hours was reasonable for obtaining and reviewing discovery provided by the government.

The Court initially had some concerns relating to the 9.2 hours claimed for the preparation of the defendant's Sentencing Memorandum and Request for Alternative Sentence Pursuant to 18 U.S.C. Section 3553(a). [DE 107]. The Court examined said document and is impressed with the thoroughness and professionalism exhibited by its preparation. It was supported by numerous authorities and representations, correctly and adequately addressing the defendant's prior criminal

history and the disparity of sentences received by co-conspirators in related cases. The Sentencing Memorandum is most persuasive and undoubtedly was well received by the District Judge. It is clear to the undersigned that the time claimed for its preparation was reasonable and necessary. Accordingly, the hours claimed for its research and preparation should be allowed.

The Court has carefully considered all of the remaining claims and finds them to be both reasonable and necessary and should be allowed. Although a guilty plea was entered by the defendant, the decision to plead guilty was reached only after counsel had expended great effort to prepare for trial.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above and based upon the Court's review of the record and the time expended in this cause, upon due and careful consideration. the undersigned respectfully

RECOMMENDS as follows:

1. That Mr. Entin's Application for Fees and Costs be GRANTED.

2. That the total sought in the amount of **$15,049.80** as and for reasonable attorney's fees and costs for legal services that were both reasonable and necessary and should be awarded.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with Senior United States District Judge Patricia A. Seitz. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 14th

day of September 2015.

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE